IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ERIC HAFNER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, GOVERNOR GREG GIANFORTE, and ATTORNEY GENERAL AUSTIN KNUDSEN,<br><br>　　　　Defendants. | CV 23-82-H-DWM<br>CV 23-88-H-DWM<br><br><br>ORDER |
| EFRAIM NISSIM,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, GOVERNOR GREG GIANFORTE, and ATTORNEY GENERAL AUSTIN KNUDSEN,<br><br>　　　　Defendants. | |

　　　　This matter is before the Court on civil rights complaints filed by pro se prisoners proceeding in forma pauperis, Eric Hafner ("Hafner") and Efraim Nissim

1

("Nissim"). At the time the complaints were filed, both Plaintiffs were incarcerated in the Essex County Correctional Facility in Newark, New Jersey. Hafner was subsequently transferred to the Federal Correctional Institution in Otisville, New York. *See Hafner v. State et al.*, Cause No. CV 23-82-H-BMM-KLD, Not. (Doc. 7.) The complaints filed by Plaintiffs are similar in substance. *See Hafner v. State et al.*, Cause No. CV 23-82-H-DWM, (Compl., Doc. 1); *Nissim v. State et al.*, Cause No. CV 23-88-H-DWM, (Compl., Doc. 2.)

## BACKGROUND

Hafner and Nissim challenge the TikTok Ban of Montana Senate Bill 419 ("SB 419"), which had an effective date of January 1, 2024. Plaintiffs request this Court declare SB 419 to be unlawful and unconstitutional and ask that Defendants be enjoined from relying on or enforcing the law.

Both Plaintiffs possess a keen interest in social media. Nissim explains that he has worked on major technology projects including MySpace, Microsoft Hotmail, and the Real Estate MLS. *Nissim v. State et al.*, Cause No. CV 23-88-H-DWM, Comp. (Doc. 2 at 20.) He argues the ban contemplated by SB 419 will have the effect of destroying his businesses and will necessitate placing future business plans on hold. (*Id.*) He explains that TikTok is a vital lifeline for businesses, as well as for political organizing. (*Id.* at 20-21.)

Hafner indicates he has run for the United States Congress twice and is a

major Democratic Party socialist opposition figure, legal worker, and human rights activist. *Hafner v. State et al.*, Cause No. CV 23-82-H-DWM, Comp. (Doc. 1 at 17.) Hafner asserts he has worked on political campaigns at all levels—local, county, state, and federal, as well as for political candidates in foreign countries. (*Id.*) He argues that limiting access to TikTok in Montana will have the effect of potential voters, supporters, and donors not being able to reach campaign materials and disrupting a lifeline for political organizing, particularly with younger voters. (*Id.*)

Relevant to Plaintiffs' claims is a companion District of Montana matter. On November 30, 2023, the undersigned entered an opinion and order granting a request for a preliminary injunction and enjoined the January 1, 2024, effective date for SB 419. *See Alario v. Knudsen*, Cause No. CV 23-56-M-DWM, Doc. 113 (D. Mont. Nov. 30, 2023). Accordingly, enforcement of SB 419 is presently enjoined until a final determination on the merits of the plaintiffs' claims is made. (*Id.*) On January 2, 2024, the *Alario* Defendants appealed the preliminary injunction to the United States Court of Appeals for the Ninth Circuit. No decision has been issued on that appeal. Further, on May 15, 2024, this Court entered an order staying the proceedings in *Alario v. Knudsen*, until the adjudication of the consolidated Plaintiff Tik Tok Inc.'s constitutional challenge to the Protecting Americans from Foreign Adversary Controlled Applications Act, which is

3

currently pending in the United States Court of Appeals for the District of Columbia. *Alario v. Knudsen* Cause No. CV 23-56-M-DWM, Doc. 135 (D. Mont. May 15, 2024). The Order further directs that the stay will be lifted if the Court's preliminary injunction order is reversed by the Ninth Circuit. (*Id.* at 2.)

## ANALYSIS

In light of *Alario*, the claims Hafner and Nissim attempt to advance are presently moot. A federal court's jurisdiction is limited to actual cases or live controversies. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). To avoid dismissal for mootness, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). A case becomes moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984) (internal quotation marks omitted). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F. 3d 1118, 1123 (9th Cir. 1997). The relief sought by Plaintiffs in initiating their actions—a declaration that SB 419 is unlawful and a preliminary injunction enjoying enforcement of the law—has occurred. Thus, there is no relief that this Court could presently provide and the claims, as plead, are moot.

Before this Court considers mootness, however, a determination must be

made regarding whether Plaintiffs have standing to pursue the requested relief. Whether plaintiffs have standing presents a "threshold question" in federal cases because it determines whether or not the court has power to entertain the suit. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Jurisdictional defects, including standing, must be raised by courts *sua sponte*. *B.C. v. Plumas Unified Sch. Dist.*, 192 F. 3d 1260, 1264 (9th Cir. 1999). Article III provides that federal courts may only exercise judicial power in the context of "cases" and "controversies." U.S. Const. Art. III, § 2, cl. 1; *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 559 (1992). For there to be a case or controversy, a plaintiff must have standing to sue, that is, he must have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F. 3d 1061, 1063 (9th Cir. 2007). Under this jurisdictional requirement, a plaintiff must show (1) he suffered an "injury in fact;" (2) there is a causal connection between the injury and the allegedly wrongful conduct; and (3) the injury would likely be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. This showing is distinct from a "generally available grievance about government." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam).

A review of Plaintiffs' complaints demonstrate that they have both proposed hypothetical injury which may occur in the future but have failed to assert any concrete and particularized injury to their current cognizable interests. The fact of Plaintiffs' present incarceration in New Jersey and New York naturally frustrates

5

their ability to make the requisite showing. Additionally, there is no indication that either individual is currently utilizing Tik Tok while in custody or that SB 419 has caused injury.

Nissim states that his income and businesses are dependent on social media companies being used and expanded. *Nissim v. State et al.*, Cause No. CV 23-88-H-DWM, Comp. (Doc. 2 at 2.) He indicates he has future plans to open a business development office in Montana, along with various other offices around the region. (*Id.*) Hafner, as set forth above, believes Tik Tok is integral to political campaigns in both the United States and abroad. *Hafner v. State et al.*, Cause No. CV 23-82-H-DWM, Comp. (Doc. 1 at 2.) Hafner seems to suggest that SB 419 will impact his ability to organize and reach political voters. (*Id.* at 17.)

Neither plaintiff has met their burden under *Lujan*. There has been no personal injury demonstrated by either Hafner or Nissim, instead both speculate about future events that may or may not occur. Further because there is no injury, neither Plaintiff can establish a present causal connection between SB 419 and a non-existent and/or future wrong. Finally, as set forth above, the enforcement of SB 419 is presently enjoined, thus, any favorable decision in this matter would not provide relief. Or, put another way, the relief sought by Plaintiffs in initiating their actions, a declaration that SB 419 is unlawful and a preliminary injunction enjoining enforcement of the law, has already occurred. Thus, there is no relief that

6

this Court could provide in the present action.

Plaintiffs have not shown that they have standing to sue for the allegations contained in their respective complaints. These matters will be dismissed.

Based on the foregoing, the Court enters the following:

## ORDER

1. The above matters, CV 23-82-H-DWM and CV 23-88-H-DWM, are DISMISSED without prejudice.

2. The Clerk of Court is directed to close these matters and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 29th day of May, 2024.

Donald W. Molloy, District Judge
United States District Court